UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BETH P. GESNER
UNITED STATES MAGISTRATE JUDGE

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4288
(410) 962-3844 FAX

October 20, 2005

Bradford W. Warbasse, Esquire
2400 Boston Street
Suite 407
Baltimore, MD 21224

Avery B. Strachan, Esquire
Silverman, Thompson & White
201 N. Charles Street
26th Floor
Baltimore, MD 21201

    Subject:  Andrea Mack, et al., v. NFM, Inc., et al.
                 Civil No. WDQ-05-0778

Dear Counsel:

       The above-referenced case, brought under the Fair Labor Standards Act (FLSA) and Maryland Wage Payment and Collection Law, was referred to me for the resolution of discovery disputes pursuant to 28 U.S.C. §636. Currently pending is plaintiffs' Motion to Compel (Paper No. 26).

       Plaintiffs filed their Motion to Compel seeking a response by defendants to an interrogatory that requested contact information for certain former employees of NFM who had been employed since July 1, 2003 (Paper No. 26). Defendants objected to the interrogatory on the grounds that it was overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further contended that the purpose of the interrogatory was merely to recruit future plaintiffs.

       In support of their motion, plaintiffs argue that former employees are likely to have information about the hours worked by plaintiffs as well as NFM's employment practices in general. Plaintiffs assert that their need to pursue this discovery is made more compelling by the fact that defendant NFM did not comply with employment record-keeping requirements. In their opposition to plaintiffs' motion (Paper No. 24), defendants acknowledge violating the FLSA but argue that the information sought is irrelevant because the only issues remaining concern their knowledge of the FLSA's requirements and the amount of time worked by plaintiffs. Defendants further argue that the request is overly burdensome because it has employed 200 to 300 loan officers and mortgage brokers since 2003.[1]

---

[1] Defendants also argue that there is a strong public policy against disclosing information in personnel files and cite Blount v. Wake Electric Membership Corp., 162 F.R.D. 102 (E.D.N.C. 1993) in support. Plaintiffs, however, unlike the moving party in Blount, are not seeking personnel files, but rather, are only seeking a list of names, addresses, and telephone numbers. Accordingly, reliance on Blount is misplaced, as is defendants' request for a Confidentiality Order so that the information to be provided "can not be used in a manner to violate the rights of NFM's former employees." (Paper No. 24-2 at 5).

Letter to Counsel:    <u>Andrea Mack, et al., v. NFM, Inc., et al.</u>
                      Civil No. WDQ-05-0778

October 20, 2005
Page 2

   Fed. R. Civ. P. 26(b)(1) provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including ... the identity and location of persons having knowledge of any discoverable matter." The rule further provides that a matter is "discoverable" if it "appears reasonably calculated to lead to the discovery of admissible evidence." In this case, plaintiffs have clearly articulated the relevance of the information sought. Even if this court were to accept defendants' narrowed version of the remaining issues in the suit, possible knowledge held by former employees of hours worked by plaintiffs would still be relevant given the absence of records detailing this information.

   Defendants' assertion that plaintiffs' interrogatory is overly burdensome is equally unpersuasive. A party that makes an assertion of unreasonable burdens or expenses in objections to interrogatories has "an affirmative duty ... to particularize with facts, not conclusory statements, the basis for these objections." <u>Marens v. Carraba's Italian Grill, Inc.</u>, 196 F.R.D. 35, 38 (D. Md. 2000) (internal citations omitted). Defendants' conclusory assertion that answering plaintiffs' interrogatory would be overly burdensome simply because of the number of former employees is insufficient to support an objection based on burden.

   Therefore, plaintiffs' Motion to Compel (Paper No. 26) is GRANTED. It is further ORDERED that defendants shall serve an answer to plaintiffs' interrogatory within ten (10) days of this order. This answer shall be complete and non-evasive. Fed. R .Civ. P. 37(a)(3). Further, defendant is reminded of its obligation to supplement its answer in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

   Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

              Very truly yours,

                /s/

              Beth P. Gesner
              United States Magistrate Judge